**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

Vernita Morris

CASE NO.: 6:24-bk-05516-LVV

    Debtor.
_____

## CHAPTER 13 PLAN

**A. NOTICES.**

Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | | X |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | | X |
| Nonstandard provisions, set out in Section E. | | X |
| Provisions for student loan(s), set out in Section E. | | X |
| Nonstandard Provisions, set out in Section E. | | X |
| THIS AMENDED PLAN PROVIDES FOR PAYMENT TO CREDITOR/LESSOR, [NAME OF SECURED CREDITOR/LESSOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | | X |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

_____

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

Effective December 4, 2023

B. **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$2,170.00 from month 1 through 60.
$_____ from month _____ through _____.

C. **PROPOSED DISTRIBUTIONS.**

   1. **ADMINISTRATIVE ATTORNEY'S FEES.**

   Base Fee $5,000.00 Total Paid Prepetition $3,000.00 Balance Due $2,000.00

   MMM Fee $_____ Total Paid Prepetition $_____ Balance Due $_____

   Estimated Monitoring Fee at $ ____ per Month.

   Attorney's Fees Payable Through Plan at SEE SPREADSHEET Monthly (subject to adjustment).

   2. **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

   3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

2

4. **TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

(a) **Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain monthly postpetition payments on the following claims secured by Debtor's principal residence. Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. The Plan may provide for the cure of arrearages to homeowner's and condominium associations and may, but need not, include the payment of postpetiton assessments in the Plan Payments. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(b) **Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** Debtor will cure prepetition arrearages and maintain monthly postpetition payments on the following claims secured by real property. Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. The Plan may provide for the cure of arrearages to homeowner's and condominium associations and may, but need not, include the payment of postpetiton assessments in the Plan Payments. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

3

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

(c)     **Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, the Plan Payments shall include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments must be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| 5496 | SLS/Shellpoint | 16760 Cedar Crest Drive, Orlando, FL 32828 | $1,700.00 (Contractual) |

(d)     **Claims Secured by Real Property or Personal Property to Which Section 11 U.S.C. § 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |

4

(e) **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under 11 U.S.C.§ 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

(f) **Payments on Claims Secured by Real Property and/or Personal Property to Which Section 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

(g) **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

(h) **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, Under 11 U.S.C. § 1325(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

5

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |

(i) **Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. § § 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| 5753 | Navy Federal Credit Union | Automobile |
|  |  |  |

(j) **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
|  |  |  |

(k) **Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|

6.  **LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

(a)  **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. If the claim of the lessor/creditor is not paid in full through the Plan, under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
|  |  |  |  |  |

(b)  **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  |  |  |

(c)  **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  |  |  |

7

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $13,180.00.

D. **GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) X_____ shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

E. **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c)**. Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

_____
_____
_____

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

**SIGNATURE(S):**

**Debtor(s)**

/s/ Vernita Morris                                              11/01/2024
_____         Date _____

                                                                Date _____
_____

**Attorney for Debtor(s)**

/s/ Ronnald Mejia                                               11/01/2024
_____         Date _____

9

| DUE DATE 12TH | | DUE DATE 11/12/2024 Unsecured 60 | | 24-05516-LLV MORRIS Debtor Pmt 60 | 10.0% Tee Fee | | $2,000.00 ATTY | | SLS/ SHELLPOINT | | NAVY FCU |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/12/2024 | 1 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | 1 at | PD O/S |
| 12/12/2024 | 2 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 1/12/2025 | 3 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 2/12/2025 | 4 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 3/12/2025 | 5 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 4/12/2025 | 6 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 5/12/2025 | 7 | $3.00 | | $2,170.00 | $217.00 | | $250.00 | | 1,700.00 | | |
| 6/12/2025 | 8 | $3.00 | | $2,170.00 | $217.00 | 8 at | $250.00 | | 1,700.00 | | |
| 7/12/2025 | 9 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 8/12/2025 | 10 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 9/12/2025 | 11 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 10/12/2025 | 12 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 11/12/2025 | 13 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 12/12/2025 | 14 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 1/12/2026 | 15 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 2/12/2026 | 16 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 3/12/2026 | 17 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 4/12/2026 | 18 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 5/12/2026 | 19 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 6/12/2026 | 20 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 7/12/2026 | 21 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 8/12/2026 | 22 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 9/12/2026 | 23 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 10/12/2026 | 24 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 11/12/2026 | 25 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 12/12/2026 | 26 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 1/12/2027 | 27 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 2/12/2027 | 28 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 3/12/2027 | 29 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 4/12/2027 | 30 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 5/12/2027 | 31 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 6/12/2027 | 32 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 7/12/2027 | 33 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 8/12/2027 | 34 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 9/12/2027 | 35 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 10/12/2027 | 36 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 11/12/2027 | 37 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 12/12/2027 | 38 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 1/12/2028 | 39 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 2/12/2028 | 40 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 3/12/2028 | 41 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 4/12/2028 | 42 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 5/12/2028 | 43 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 6/12/2028 | 44 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 7/12/2028 | 45 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 8/12/2028 | 46 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 9/12/2028 | 47 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 10/12/2028 | 48 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 11/12/2028 | 49 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 12/12/2028 | 50 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 1/12/2029 | 51 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 2/12/2029 | 52 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 3/12/2029 | 53 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 4/12/2029 | 54 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 5/12/2029 | 55 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 6/12/2029 | 56 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 7/12/2029 | 57 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 8/12/2029 | 58 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 9/12/2029 | 59 | $253.00 | | $2,170.00 | $217.00 | | | | 1,700.00 | | |
| 10/12/2029 | 60 | $253.00 | 60 at | $2,170.00 | $217.00 | | | 60 at | 1,700.00 | | |
| | | $13,180.00 | | $130,200.00 | $13,020.00 | | $2,000.00 | | $102,000.00 | | |
| | | $286,316.00 | | | | | ATTY | | CLM | | CLM |
| | | 5% | | | | | | | Pd at contract | | Automobile |
| | | | | | | | | | 16760 Cedar Crest | | |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Vernita Morris

Case No. 6:24-bk-05516-LVV
Chapter 13

Debtor.

_____/

**CERTIFICATE OF SERVICE**

    I certify that I have served the following parties with a copy of the foregoing "Chapter 13 Plan" by electronic mail via CM/ECF pursuant to Local Rule 7005-3 and/or by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery as addressed below and/or on the attached matrix:

Laurie K. Weatherford
PO Box 3450
Winter Park, FL 32790

Vernita Morris
2055 Spruce Avenue
West Palm Beach, FL 33407

United States Trustee
400 West Washington St.
Suite 1100
Orlando, FL 32801

And the attached matrix

Dated: 11/01/2024

/s/ Ronnald Mejia
Ronnald Mejia
FL Bar #0177539
Ronnald Mejia, P.A.
1060 Woodcock Road
Orlando, FL 32803
Tel: 407-403-6479
Fax: 407-720-4642

```
Label Matrix for local noticing          NewRez LLC d/b/a Shellpoint Mortgage Servici   United States Trustee - ORL7/13 7
113A-6                                   Robertson, Anschutz, Schneid, Crane & Pa      Office of the United States Trustee
Case 6:24-bk-05516-LVV                   13010 Morris Road., Suite 450                 George C Young Federal Building
Middle District of Florida               Alpharetta, GA 30004-2001                     400 West Washington Street, Suite 1100
Orlando                                                                                Orlando, FL 32801-2210
Fri Nov  1 15:21:19 EDT 2024

Capital One                              Credit One Bank                               Discover Bank
Attn: Bankruptcy                         Attn: Bankruptcy Department                   PO Box 3025
PO Box 30285                             6801 Cimarron Rd                              New Albany, OH  43054-3025
Salt Lake City, UT 84130-0285            Las Vegas, NV 89113-2273


Discover Financial                       Florida Department of Revenue                 Internal Revenue Service
Attn: Bankruptcy                         Bankruptcy Unit                               Post Office Box 7346
PO Box 3025                              Post Office Box 6668                          Philadelphia PA 19101-7346
New Albany, OH 43054-3025                Tallahassee FL 32314-6668


NAVY FCU                                 Navient                                       Navy Federal Credit Union
Attn:  Bankruptcy                        Attn:  Bankruptcy                             Attn: Bankruptcy
PO Box 3000                              PO Box 9635                                   PO Box 3000
Merrifield, VA 22119-3000                Wilkes Barre, PA 18773-9635                   Merrifield, VA 22119-3000


Newrez LLC d/b/a Shellpoint Mortgage Servici   Orange County Tax Collector             Robertson, Anschutz &
c/o ROBERTSON, ANSCHUTZ, SCHNEID,        PO Box 545100                                 Schneid, PL
CRANE & PARTNERS, PLLC                   Orlando FL 32854-5100                         6409 Congress Avenue
13010 MORRIS ROAD, SUITE 450                                                           Suite 100
ALPHARETTA, GA 30004-2001                                                              Boca Raton, FL 33487-2853

Specialized Loan Servicing LLC           Synchrony Bank/Sams                           Synchrony/PayPal Credit
Attn: Bankruptcy                         Attn: Bankruptcy                              Attn: Bankruptcy
P.O. Box 630147                          PO Box 965060                                 PO Box 965064
Littleton, CO 80163-0147                 Orlando, FL 32896-5060                        Orlando, FL 32896-5064


(p)UPLIFT  INC                           Laurie K Weatherford                          Ronnald R Mejia
2 N CENTRAL AVE FL 10                    Post Office Box 3450                          Ronnald Mejia, P.A.
PHOENIX AZ 85004-2322                    Winter Park, FL 32790-3450                    1060 Woodcock Road
                                                                                       Orlando, FL 32803-3502


Vernita Morris
2055 Spruce Avenue
West Palm Beach, FL 33407-6333




                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Uplft/cb                                 End of Label Matrix
Attn: Bankruptcy                         Mailable recipients     21
440 N. Wolfe Road                        Bypassed recipients      0
Sunnyvale, CA 94085                      Total                   21
```